WILLIAM F. McKESSON *vs.* NANCY HENNESSEE.

1. A bargainee in a quit claim deed has no legal claim for damages if the title proves defective, nor to enjoin an execution issued upon a judgment based upon the purchase money.

3. In ascertaining the damages sustained by reason of an injunction under the C. C. P., reference must be had to the condition of the debt enjoined; if by reason of the delay the judgment debtor has become insolvent, the whole debt would properly be included as damages sustained by it; If his pecuniary circumstances remained unaltered, no damages are sustained except the costs and disbursements.

This was a civil action tried before His Honor Judge Mitchell, and a jury, at Fall Term 1871, of Burke Superior Court.

The plaintiff alleged in his complaint, that in 1860 he had purchased from the defendant a tract of land, executed his note for the purchase money, and had taken a deed for the land, that defendant represented she had good title, and he believed that she had when he purchased, but he afterwards ascertained that she had no title, but that it was outstanding in one Avery and one Sudderth; and that he had purchased this outstanding title; that the defendant had sued on the note, obtained judgment, and was seeking by execution and supplementary proceedings to enforce its collection, and he prayed that an account might be taken of the amount of moneys expended by him to perfect the title, and that the same might be treated as an extinguishment in whole or part, according as it was ascertained, of said judgment, and in the the meantime that the defendant might be enjoined from collecting judgment.

It appeared that the deed contained no covenants of warranty, but was a quit-claim in effect, and that the suit on plainiff's note had been commenced since the adoption of the Code.

It is needless to notice the points made by the answer, as the opinion turns upon the case as stated by the plaintiff.

By consent two issues were submitted to the jury.

1.   Did the defendant have title, and was she able to convey it, when the deed was executed.

2.   If no, has the plaintiff suffered any, and if any, what damages.

Under instructions from the Court, the jury found the first issue in favor of the plaintiff, and on the second issue that the plaintiff had not suffered any damages.

Thereupon the plaintiff moved for a perpetual injunction, which was refused.

The defendant thereupon moved to vacate the order of injunction theretofore obtained, and also for judgment against the sureties on the injunction, undertaking for the whole amount of the judgment enjoined, and for the costs of this action.

The plaintiff then suggested that there should be a reference or an issue submitted to a jury to ascertain the amount of the damages which the defendant had sustained, but His Honor allowed the motion of the defendant, and gave judgment accordingly and the plaintiff appealed.

*Busbee & Busbee, Folk and Armfield* for the appellant filed the following brief:

I. The injunction was improvidently dissolved, *Britian* v. *McLean*, 6 Ire. Eq., 165, *Kindley* v. *Gray*, Ib. 445, *Cox* v. *Jerman*, Ib., 526.   Hilliard on Vendor, 489, *et seq.*

II. And surely the Judge could not give judgment on the injunction bond for the whole amount of the damages :   C. C. P., secs. 192, 333.

Cited and distinguished : Rev. Code, ch. 32, sec. 17, *Emmons* v. *McKesson*, 5 Jones' Eq., 92.   (In illustration N. Y. practice, Vorhees' Code, 408, 409.   Not quoted as authority in

WILLIAM F. McKESSON *v.* NANCY HENNESSEE.

accordance with the ruling in this Court.) Referred to the practice in *Thompson* v. *McNair* 64 N. C., 448.

The remedy for the defendant upon dissolution of injunction is by action on the plaintiffs injunction bond or undertaking. 1 Whitaker's Practice, 484.

*Furches* and *Phillips & Merrimon* for the appellee.

1. A purchaser of land who has taken a deed for the same, is on a different footing. That he can then only rescind the contract upon the ground of fraud. *Clantern* v. *Burges,* 2nd Dev. Eq., 13.

2. He must then rely upon his covenants. Ibid.

3. But if a purchaser of a defective title, purchases the outstanding claims so as to perfect the same, he may compel the vendor of the defective title, to repay what he has had to pay out. See *Ramseur* v. *Shuler,* 2 Jones' Eq., 487, and *Westall* v. *Austin,* 5 Ire. Eq. 1.

Plaintiff is entitled to judgment upon injunction bond. See *Emmons* v. *McKesson,* 5 Jones' Eq., 92. Code of Civil Proceedure, p. 68, sec. 192, does not change the rule in this case, and the Court declares for the judgment, &c.

PEARSON, C. J. The complaint and answer both treat the deed of Nancy Hennesse to McKesson as a conveyance and not as an executory agreement to make title. It follows, there being no warranty or covenant of seizin, that the claim which the plaintiff seeks to set up has nothing to rest on. The legal effect of the deed was a quit claim or release by way of extinguishment, and the finding of the jury was upon matter immaterial.

The plaintiff was entitled, upon the *undertaking* of the plaintiff, to have judgment against him and his sureties for the costs, but not for the debt and interest. In this respect the C. C. P. has made a marked departure from the old practice, as

well in regard to injunctions as in regard to appeals.   The un-
dertaking is to pay such damages as the defendant may sus-
tain by reason of the injunction.   The damages may be ascer-
tained by a referee, or otherwise as the judge shall direct.
The costs would be included as a matter of course, but how
far the defendant has sustained further damage by reason of
the injunction, depends on the circumstances.   If the plaintiff
was solvent at the time of taking the injunction, and by reason
of the delay becomes insolvent, the whole debt would properly
be included as damages sustained by reason of the injunction,
but if the plaintiff's condition was no better or no worse at the
end of the litigation than at the beginning, the defendant has
sustained no damage by reason of the injunction, except costs
and disbursement.

There is error.   Judgment reversed.   This will be certified,
to the end that the damages which the plaintiff has sustained,
by reason of the injunction, may be ascertained by a referee,
or by a jury, or by the Judge himself, in which event he will
find the facts upon which his conclusions of law are based.

Each party will pay his own costs in this Court.

PER CURIAM.                                    Error.